**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES BARNARD; RITA BARNARD,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>GREG THEOBALD, #6527; GARY CLARK, #6240; STEVEN RADMANOVICH, # 6420; individually and as Police Officers employed by the Las Vegas Metropolitan Police Department,<br><br>        Defendants - Appellants,<br><br>  and<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, A political subdivision of the State of Nevada,<br><br>        Defendant. | No. 11-16625<br><br>D.C. No. 2:03-cv-01524-RCJ-LRL<br><br><br>MEMORANDUM[*] |
| CHARLES BARNARD; RITA BARNARD,<br><br>        Plaintiffs - Appellants, | No. 11-16655<br><br>D.C. No. 2:03-cv-01524-RCJ-LRL |

v.

GREG THEOBALD, #6527; STEVEN RADMANOVICH, individually and as Police Officers employed by the Las Vegas Metropolitan Police Department; GARY CLARK, #6240,

              Defendants - Appellees,

   and

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, A political subdivision of the State of Nevada,

              Defendant.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted February 15, 2013
San Francisco, California

Before: MICHAEL DALY HAWKINS and MILAN D. SMITH, JR., Circuit Judges, and JAMES G. CARR, Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

Las Vegas Metropolitan Police Officers Greg Theobald, Gary Clark, and Steven Radmanovich (collectively, the Officers) appeal the district court's order denying their motion for new trial brought pursuant to Federal Rules of Civil Procedure 50(b) and 59(a).[1] Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The Officers first claim that there was insufficient evidence of excessive force. We agree with the district court that Barnard's testimony constitutes "substantial evidence," *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009), of excessive force sufficient to support a verdict against each officer.

Second, the Officers argue that Dr. Smith, one of the plaintiff's surgeons, was improperly permitted to testify as an expert without submitting a written expert report under Federal Rule of Civil Procedure 26(a)(2)(B). But Dr. Smith was exempt from Rule 26(a)(2)(B)'s written report requirement because his

---

[1] In an opinion filed contemporaneously with this Memorandum, we rejected the Officers' contentions that they were entitled to judgment as a matter of law on the basis of qualified immunity.

opinions "were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).[2]

Third, the Officers argue that the plaintiffs submitted insufficient and unauthenticated evidence to sustain the portion of the damages award that was attributable to Barnard's medical expenses. Because the defendants did not timely object to the admission of the plaintiff's insurance records at trial, this error is forfeited and is reviewable only for plain error. *See Hudspeth v. Comm'r*, 914 F.2d 1207, 1215 (9th Cir. 1990); *United States v. Juan*, 704 F.3d 1137, 1140 (9th Cir. 2013). The district court's admission of the plaintiff's insurance records and his accompanying (and authenticating) testimony was not plainly erroneous and, thus, the evidence presented was sufficient to support an award of medical expenses.

Fourth, the Officers argue that the plaintiff's evidence of medical causation was insufficient to support the verdict. It was not. As the Officers admit in their Opening Brief, Dr. Smith testified as to a causal relationship between the plaintiff's neck injuries and the actions of the Officers. The Officers were allowed to argue to the jury that the plaintiff's injuries were instead caused by subsequent traumas, such as the plaintiff's fall from a chair. Ultimately, the jury credited the plaintiff's

---

[2] We do not consider those arguments not distinctly raised in the Officers' Opening Brief. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1137 n.13 (9th Cir. 2012).

theory of causation, which was supported by substantial evidence. *See McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir. 2000).

Fifth, the Officers contend that they were prejudiced by the admission of "overbroad" testimony concerning the events that took place on December 8, 2001. Essentially, the Officers argue that the district court should have excluded any evidence and testimony that did not directly relate to the Officers' use of force against the plaintiff. But it is impossible to exclude evidence of "other acts" that are inextricably intertwined with the alleged unlawful conduct. As we've explained in the criminal context, evidence may be "admitted because it constitutes a part of the transaction that serves as the basis for the criminal charge . . . the jury cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995) (internal alteration and citation omitted). The district judge properly limited the scope of the evidence presented at trial.

Sixth, the Officers claim that they were prevented from relying on and arguing stipulated facts to the jury. Even if the district court erred in this regard, any error did not prejudice the Officers' rights. *Ruvalbaca v. City of L.A.*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("A new trial is only warranted when an erroneous

evidentiary ruling substantially prejudiced a party.") (internal quotation marks omitted). This is also true concerning the Officers' seventh claim of error—that the district court improperly excluded some of the plaintiff's medical records on hearsay grounds. Even if the district court erred, any error was harmless. The Officers had the opportunity to cross-examine the plaintiff with his medical records. During that cross-examination, the plaintiff admitted that several of the records, including the hospital records from the day he was released from jail, did not contain any indication that he complained of back or neck pain. The admission of the proffered hearsay statements would have been duplicative of the plaintiff's cross-examination testimony, and thus their exclusion did not prejudice the Officers.

Eighth, the Officers allege that they should have been allowed to introduce out of court statements in which the plaintiff and his brother refused to answer certain questions on Fifth Amendment grounds. The Officers' claims must be rejected, however, because they did not identify any proper inference the jury could have drawn from these witnesses' refusal to answer a few isolated questions.

Ninth, the Officers quibble with the jury instructions, arguing that the district court erred by refusing to give a number of the Officers' proposed instructions. But "[t]here is no error in refusing to use any particular language

offered by a party, and there is no obligation to give repetitious instructions. The judge did not err in refusing to give [these] instructions to the jury because other instructions which were given covered the same matter." *Mitchell v. Keith*, 752 F.2d 385, 389 (9th Cir. 1985).

Tenth, the Officers contend that the district court improperly disallowed key witnesses from testifying on their behalf. The district court did not err in this regard. Because a number of the Officers' "key witnesses" were disclosed late, the district court properly excluded their testimony. Further, the district court properly excluded the Officers' police practices expert—that "expert" admittedly did not know what training, if any, the Officers actually received. In any event, the Officers were themselves allowed to testify as to their training.

Finally, identifying no acts of judicial misconduct, we further hold that the district court did not abuse its discretion in denying the Officers' motion for a new trial on this basis.

**AFFIRMED.**